IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 1:25cv173 TBM-RPM |
| v. ) ) | **COMPLAINT** |
| GROUND ZERO BILOXI LLC ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Defendant Ground Zero Biloxi LLC ("Defendant"). This action is brought to correct unlawful employment practices because of sex and to provide appropriate relief to Lindsey Muller ("Charging Party"). As alleged with greater particularity in Paragraphs 11-49 below, the United States Equal Employment Opportunity Commission alleges that Defendant subjected Charging Party to unlawful harassment because of her sex and terminated her in retaliation for opposing this unlawful harassment because of sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title

1

VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Mississippi and the City of Biloxi and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

6. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On August 27, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On January 16, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I – HARASSMENT BECAUSE OF SEX

11. From at least in or around fall 2022 to on or around September 22, 2023, Defendant engaged in unlawful employment practices in Biloxi, Mississippi, in violation of Section 703 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1).

12. Charging Party began work for Defendant as a server on or around January 22, 2022.

13. In or around August 2022, Defendant promoted Charging Party to an assistant manager position.

14. In the assistant manager position, Charging Party reported directly to Defendant's general manager.

15. At all relevant times, Jeffrey Young ("Young") was a co-owner of Defendant.

16. In or around the fall of 2022, Young began sexually harassing Charging Party.

17. On at least one occasion in the fall of 2022, Young attempted to kiss Charging Party without her consent.

18. Charging Party turned her head and told Young to stop.

19. In or around the summer of 2023, Young forcibly touched Charging Party's legs.

20. Young rubbed Charging Party's legs from the knees down without Charging Party's consent.

21. Young said, "My sexy redhead can shake it for me" or words to that effect.

22. On or around July 17, 2023, Young approached Charging Party from behind while Charging Party was working.

23. Young placed his hands on either side of Charging Party's breasts.

24. Young ran his hands down the sides of Charging Party's body.

25. Charging Party froze as Young rubbed her without her consent.

26. Defendant's general manager personally observed Young's conduct on this occasion.

27. After watching Young's conduct, Defendant's general manager asked Charging Party what she wanted to do about Young's conduct.

28. Charging Party informed Defendant's general manager that she was not sure as she thought that employees that report sexual harassment usually lose their jobs.

29. Defendant's general manager did not take any further action at the time.

30. In or around July 2023, Young asked Charging Party if her breasts would come out if he untied a bow on her shirt.

31. Charging Party reported Young's advance to Defendant's general manager the next day.

32. Defendant's general manager again asked Charging Party what she wanted to do about Young's conduct.

33. Charging Party told Defendant's general manager she did not want to report Young's conduct because she did not want to lose her job.

34. Defendant's general manager did not take any further action at the time.

35. Through Young's sexual harassment, Defendant subjected Charging Party to a hostile work environment because of her sex.

36. The effect of the practices complained of in paragraphs 11-35 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee because of her sex.

37. The unlawful employment practices complained of in paragraphs 11-35 above were intentional.

38. The unlawful employment practices complained of in paragraphs 11-35 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## COUNT II – RETALIATION

39. From at least on or around August 4, 2023, to on or around September 22, 2023, Defendant engaged in unlawful employment practices in Biloxi, Mississippi, in violation of Section 704 of Title VII, 42 U.S.C. §§ 2000e-3(a). Specifically, Defendant terminated Charging Party in retaliation for her opposition to Defendant's unlawful harassment because of her sex.

40. On or around July 22, 2023, Charging Party reported Young's conduct to two of Defendant's security employees.

41. These security employees did not take any action at that time.

42. On or around August 4, 2023, Charging Party reported Young's conduct to Defendant's chief financial officer.

43. At Defendant's request, Charging Party submitted written reports of Young's conduct on August 4, 2023, and August 18, 2023.

44. On or around September 17, 2023, Young encountered Charging Party while she was working and held his middle finger up to her.

45. On or around September 22, 2023, Defendant terminated Charging Party.

46. Defendant terminated Charging Party because of her opposition to Young's sexual harassment.

47. The effect of the practices complained of in paragraphs 40-46 above has been to deprive Charging Party of equal employment opportunities and otherwise affect her status as an employee because of her opposition to Young's sexual harassment.

48. The unlawful employment practices complained of in paragraphs 40-46 above were intentional.

49. The unlawful employment practices complained of in paragraphs 40-46 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees because of sex.

B.   Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from subjecting employees to unlawful harassment because of sex.

C.   Grant a permanent injunction enjoining Defendant, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees for engaging in activities protected by Title VII.

D.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals regardless of sex and which eradicate the effects of past and present unlawful employment practices.

E.   Order Defendant to make Charging Party whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial,

and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant to make Charging Party whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraphs 11-49 above, in amounts to be determined at trial.

G. Order Defendant to make Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs 11-49 above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

I. Order Defendant to provide Charging Party appropriate equitable relief in the form of reinstatement and/or an appropriate award of front pay.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Andrew B. Rogers
        Acting General Counsel

        Christopher Lage
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        131 M Street, NE
        Washington, DC 20507

        _____
        Marsha Lynn Rucker (PA 90041)
        Regional Attorney
        marsha.rucker@eeoc.gov
        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Birmingham District Office
        Ridge Park Place, Suite 2000
        1130 22nd Street South
        Birmingham, Alabama 35205
        Tel.: (205) 651-7045