Last Updated: January 2021

FORM 1 (ND/SD MISS. JAN. 2021)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

Equal Employment Opportunity Commission

**PLAINTIFF**

v.

**CIVIL ACTION
NO. 1:25-cv-00173-TBM-RPM**

Ground Zero Biloxi LLC

**DEFENDANT**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     3-5

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**     10-12

   **EXPERT TESTIMONY EXPECTED:** Yes     **NO. OF EXPERTS:**     2

   The parties may utilize expert witnesses to address compensatory damages.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   The parties request a settlement conference prior to the discovery deadline.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2021)

**4.   DISCLOSURE.** (Pick one)

The pre-discovery disclosure requirements have been complied with fully.

**5.   MOTIONS; ISSUE BIFURCATION.** (Pick one)

Staged resolution/bifurcation will assist in the prompt resolution of this action. The Court orders that:

Evidence solely relevant to the amount of potential punitive damages will be reserved for a second stage of the trial that will not occur until the jury returns a verdict finding that punitive damages should be awarded. The same jury shall be used during both stages of the trial.

Statement Not Applicable.

**6.   DISCOVERY PROVISIONS AND LIMITATIONS.**

**A.**    Interrogatories are limited to _25_ succinct questions.

**B.**    Requests for Production are limited to ___25___ succinct questions.

**C.**    Requests for Admissions are limited to ___25___ succinct questions.

**D.**    Depositions are limited to the parties, experts, and no more than

___12___ fact witness depositions per party without additional approval of the Court.

Form 1 (ND/SD miss. jan. 2021)

**E.**    The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

To identify and preserve any potential ESI, Counsel for Plaintiff and Counsel for Defendant have alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. For any relevant ESI, including emails, that becomes discoverable, the parties will produce such ESI in the format requested by the requesting party or, if no format is requested,  as it is ordinarily maintained in the usual course of business preserving any accompanying metadata. The parties agree to cooperate to ensure the production of documents is in a mutually agreeable manner.

**F.**   The court imposes the following further discovery provisions or limitations:

☑  1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑  2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑  3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑  4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B) (v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☑  5. Other:
The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff reasonable notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. Absent urgent or necessitous circumstances, 7 days constitutes reasonablen notice under this provision. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.

Form 1 (ND/SD miss. jan. 2021)

Additional information: The parties agree that the reference to "plaintiff" in Paragraphs 6.F.1. and 6.F.3. shall be construed as referring to Lindsey Muller for purposes of both paragraphs.

7. **SCHEDULING DEADLINES**

A. **Trial.** This action is set for  JURY TRIAL  during a  four-week  term of court

beginning on:  January 4, 2027 , at  9:00 ,  a.m. , in  Gulfport ,

Mississippi, before United States  District  Judge  Taylor B. McNeel .

THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS  3-5 . ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

B. **Pretrial.** The pretrial conference is set on:  December 15, 2026 , at  10:00 ,  a.m. ,

in  Gulfport , Mississippi, before United States  District

Judge  Taylor B. McNeel .

C. **Discovery.** All discovery must be completed by:  June 30, 2026 .

D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

filed by:  January 8, 2026 .

E. **Experts.**  The parties' experts must be designated by the following dates:

**1.** Plaintiff(s):  March 9, 2026 .

**2.** Defendant(s):  April 8, 2026 .

FORM 1 (ND/SD MISS. JAN. 2021)

8. **MOTIONS.**   All dispositive motions and *Daubert*-type motions challenging another party's expert

must be filed by: July 14, 2026                .The deadline for motions *in limine* twenty one   days

the pretrial conference; the deadline for responses is fourteen   days before the pretrial conference.


9. **SETTLEMENT CONFERENCE.**

A SETTLEMENT CONFERENCE is set on: October 1, 2026            , at 9:30        ,    a.m.       in

  Gulfport            , Mississippi, before United States Magistrate            Judge

Robert P. Myers, Jr.            .

Seven (7) days before the settlement conference, the parties must submit via e-mail to the magistrate

judge's chambers an updated CONFIDENTIAL SETTLEMENT MEMORANDUM. All parties are

required to be present at the conference unless excused by the Court. If a party believes the scheduled

settlement conference would not be productive and should be cancelled, the party is directed to inform

the Court via e-mail of the grounds for their belief at least seven (7) days prior to the conference.


10. **REPORT REGARDING ADR.**   On or before (7 days before FPTC) December 8, 2026         , the parties

must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or

provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*


**SO ORDERED:**

December 10, 2025            /s/ Robert P. Myers, Jr
DATE                          UNITED STATES MAGISTRATE JUDGE